1  MELINDA HAAG (CABN 132612)
   United States Attorney

2
   J. DOUGLAS WILSON (DCBN 412811)
3  Chief, Criminal Division

4  AARON D. WEGNER (CABN 243809)
   Assistant United States Attorney
5
        1301 Clay Street, Suite 340S
6       Oakland, CA 94612
        Telephone: (510) 637-3740
7       Fax: (510) 637-3724
        E-Mail: aaron.wegner@usdoj.gov
8
   Attorneys for the United States
9

10                          UNITED STATES DISTRICT COURT

11                         NORTHERN DISTRICT OF CALIFORNIA

12                                  OAKLAND DIVISION

13 UNITED STATES OF AMERICA,           )  CASE NO. CR 14-00236-JST
                                       )
14      Plaintiff,                     )  STIPULATION AND [PROPOSED] PROTECTIVE
                                       )  ORDER REGARDING PRODUCTION OF
15   v.                                )  CONFIDENTIAL DISCOVERY
                                       )
16 ROBERT AKOLO,                       )
                                       )
17      Defendant.                     )
                                       )
18

19      Plaintiff, by and through its attorney of record, and the defendant, by and through his attorney of

20 record, hereby stipulate and ask the Court to find as follows:

21      1.    An indictment was returned by the grand jury for the Northern District of California on

22 April 24, 2014, against Robert Akolo charging him with possession with intent to distribute

23 methamphetamine.

24      2.    The United States believes that the proposed protective order is necessary to preclude

25 some discovery materials, which may contain the identities of potential witnesses and/or cooperating

26 witnesses or information from which those identities may be discovered, from being disseminated

27 among members of the public and to the defendant. Specifically, the government believes that the

28

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CR 14-00236 JST

proposed protective order will greatly reduce the possibility that individuals will misuse discovery materials to identify, intimidate, and/or harm witnesses and/or defendants.

     3.     The parties agree that the following conditions, if ordered by the Court, should serve the government's interest in protecting witnesses, defendants, and other members of the community and reduce the risk of retribution against cooperating witnesses by precluding the circulation of these documents and digital media (e.g., CD-ROMs, DVDs, and digital photographs) throughout the prison system and the community, while permitting the defense to obtain discovery required by Federal Rule of Criminal Procedure 16 and the United States Constitution.  Accordingly, the parties jointly request that the Court order as follows:

     a.     For purposes of this Order, the term "defense team" refers to: (1) the counsel of record for the defendant; (2) defense investigators assisting said counsel with this case; (3) employees of said counsel's law office; and (4) any expert witnesses who may be retained or appointed by said counsel.  For purposes of this Order, the term "defense team" does not include the defendant.

     b.     The government is authorized to provide the defense team with discovery required by F.R.Cr.P. 16 and all discovery in this matter is deemed "Confidential Discovery" and is governed by the terms of this protective order.

     c.     The defense team shall not permit anyone, including the defendant, to have possession of Confidential Discovery pursuant to this Order other than the defense team.

     d.     The defense team shall not discuss the contents of any Confidential Discovery provided pursuant to this Order with anyone other than the defendant.  A defense team member may show Confidential Discovery to the defendant or a potential witness only in the physical presence of a defense team member, and may not permit the defendant or the potential witness to have physical possession of the Confidential Discovery.

     e.     The defense team shall not permit Confidential Discovery provided pursuant to this Order to be outside of the defense team's offices, homes, vehicles, or personal control.  The defense team may take Confidential Discovery into a custodial facility to show it to the defendant, but, as explained above, the defense team must maintain physical possession of the Confidential Discovery and may not allow the defendant to have physical possession of the Confidential Discovery.

f. In the event that one of the parties files a pleading that references or contains Confidential Discovery or information therefrom, that filing must be made under seal.

g. The defense team shall return all Confidential Discovery provided pursuant to this Order to the government fourteen calendar days after any one of the following events, whichever occurs latest in time: dismissal of all charges against the defendant; the defendant's acquittal by court or jury; the conclusion of any direct appeal; the expiration of the time period for filing a motion pursuant to 28 U.S.C. § 2255; or the district court's ruling on any motion filed pursuant to 28 U.S.C. § 2255.  In the event that the defense team has made notes or marks on the Confidential Discovery constituting work product the defense team shall return the materials to the government in a sealed container labeled "WORK PRODUCT-DESTROY."

h. After return of the materials, the government may destroy the Confidential Discovery.

IT IS SO STIPULATED.

DATED: May 6, 2014

Respectfully submitted,

MELINDA HAAG
United States Attorney

_____/s/_____
AARON D. WEGNER
Assistant United States Attorneys

_____/s/_____
CLAIRE LEARY
Counsel for Robert Akolo

IT IS SO ORDERED.

DATED: May 8, 2014

HON. JON S. TIGAR
United States District Court Judge

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CR 14-00236 JST