MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

AARON D. WEGNER (CABN 243809)
Assistant United States Attorney

    1301 Clay St., 3rd Floor
    Oakland, California 94612
    Telephone: (510) 637-3740
    Fax: (510) 637-3724
    E-Mail: aaron.wegner@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO: CR-14-00236 JST |
| | ) | |
| Plaintiff, | ) | [~~PROPOSED~~] ORDER OF DETENTION |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT AKOLO, | ) | |
| | ) | |
| Defendant. | ) | |

A detention hearing in the above-captioned case for defendant Robert Akolo was conducted on May 7, 2014. The Court has carefully considered the proffers of the government and the defendant's counsel, along with the information contained in the Pretrial Services Report. The Court finds by clear and convincing evidence that the defendant is a danger to the community. For the reasons set forth below, the Court concludes that there are no conditions, or combinations of conditions which could be fashioned in order to assure the appearance of the defendant for trial if he is released. Therefore, for the reasons set forth herein, the Court orders that the defendant be detained.

## I.  LEGAL STANDARD

Under the Bail Reform Act, an authorized judicial officer may order the detention or release of a defendant pending trial. A rebuttable presumption of both dangerousness and risk of flight exists when

1 │ the defendant is charged with a drug felony that carries a maximum term of imprisonment of ten years or

2 │ more.  18 U.S.C. §3142(e).  The presumption shifts a burden of production to a defendant, but the

3 │ burden of persuasion remains with the government.  *See United States v. Hir*, 517 F.3d 1081, 1086 (9th

4 │ Cri. 2008).

5 │      The judicial officer may detain a defendant where the Government shows by clear and

6 │ convincing evidence that no release condition will reasonably assure the safety of the community.

7 │ Specifically, detention may be ordered where the court finds no condition or combination of conditions

8 │ could prevent the defendant's continued or future criminal activity.  *United States v. Salerno*, 481 U.S.

9 │ 739 (1987).

10 │      In assessing danger, physical violence is not the only form of danger contemplated by the statute.

11 │ Danger to the community can be in the form of continued narcotics activity or even encompass

12 │ pecuniary or economic harm.  *United States v. Reynolds*, 956 F.2d 192 (9th Cir. 1992).  Propensity to

13 │ commit crime generally may constitute a sufficient risk of danger to come within the act.  *See United*

14 │ *States v. Karmann*, 471 F. Supp. 1021, 1022 (C.D. Cal 1979).

15 │      In evaluating whether conditions can be fashioned to assure the safety of the community or

16 │ another person, a court considers the factors in Section 3142(g), including (1) the nature and

17 │ circumstance of the offense, including whether the offense is one of the enumerated crimes (including a

18 │ controlled substance offense), (2) the weight of the evidence, (3) the history and characteristics of the

19 │ person, and (4) the nature and seriousness of the danger to any person or the community posed by the

20 │ person's release.

21 │ **II.    ANALYSIS**

22 │     A.    <u>Charges and Rebuttable Presumption</u>

23 │      On April 24, 2014, the defendant was charged in by an indictment with possession with intent to

24 │ distribute and distribution of methamphetamine in violation of Title 21 U.S.C. § 841.  The charge carries

25 │ a maximum sentence of 20 in prison.  Therefore, there is a rebuttable presumption that he is a danger to

26 │ the community.  *See* 18 U.S.C. §3142(e).

27 │ ////

28 │ ///

B.    <u>Danger to the Community</u>

According to proffers by the government, on June 20, 2013, the defendant sold one pound of methamphetamine to a confidential source working with the Drug Enforcement Administration ("DEA") in the Northern District of California.  In August of 2013, the defendant was arrested in Antioch, California, on a warrant from the District of Hawaii.  The defendant made his initial appearance in the Hawaii case in Northern District of California and was released a $100,000 unsecured bond.  In the case from Hawaii, the defendant is charged with conspiracy to distribute methamphetamine based on a seizure of five pounds of methamphetamine at the Honolulu International Airport in November of 2013.

During the detention hearing, the government proffered that the defendant had several telephonic contacts with an undercover DEA agent between November 2013 and January 2014 about conducting a drug transaction.  The government also stated that the defendant met with a second undercover DEA agent on January 28, 2014, in Antioch, California.  During this meeting, the defendant discussed the price of cocaine in California and offered to help the DEA agent transport a shipment of cocaine.

In assessing whether the defendant poses a danger to the community, the Court finds it significant that the defendant is currently charged in two federal jurisdictions with two distinct drug trafficking crimes.  The Court also finds it significant that the defendant continued to participate in drug dealing while on pretrial release from the Hawaii case.  Furthermore, at the time of the detention hearing, the only surety proposed by defense counsel was the defendant's wife.  However, according to the government, the defendant's wife was present during the criminal activity charged in this case.  Therefore, the Court does not believe she would be a proper surety in the case.

## III.    CONCLUSION

Having considered all of the relevant factors in Section 3142(g), the Court finds by clear and convincing evidence that no conditions will reasonably assure the safety of the community or others if the defendant was released.  *See* 18 U.S.C. §3142(f).  Therefore, the Court ORDERS that the defendant

////

////

///

///

[PROPOSED] ORDER OF DETENTION
CR 14-00236 JST                                        3

1  be detained.

2

3  IT IS SO ORDERED.

4  DATED: May____27_____, 2014

5                                                    HON. DONNA M. RYU
                                                     United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28